UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LAMARCUS WELLS.** | § § § | |
| *Plaintiff* | § § | |
| v. | § § | Case No.  1-19-CV-1140-RP |
| **CITY OF AUSTIN,** | § § | |
| *Defendant* | § § § | |

**ORDER**

Before the Court is Plaintiff's Opposed Emergency Motion for Leave to Extend Time to Respond to Defendant's Motion for Summary Judgment, filed September 4, 2020 (Dkt. 43). On September 8, 2020, the District Court referred the motion to the undersigned for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   General Background**

Plaintiff Lamarcus Wells has been employed as a police officer with the Austin Police Department ("APD") since May 2007. On February 5, 2017, Plaintiff was promoted to the position of detective. On November 22, 2019, Plaintiff filed this employment discrimination lawsuit, alleging that APD "has a pattern and practice of discriminating against African Americans, including Mr. Wells, through its policies or customs." Dkt. 1 ¶ 10. Specifically, Plaintiff contends that APD "systematically denies African American employees transfers to highly desired, objectively prestigious positions in certain units." *Id.* On July 2, 2020, Plaintiff filed his Second

1

Amended Complaint against the City of Austin, alleging race discrimination under 42 U.S.C. § 1981.

Although discovery has not been completed,[1] on August 28, 2020, Defendant filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a), arguing that Plaintiff's claims fail as a matter of law. Now, pursuant to Rule 56(d), Plaintiff seeks an extension of time to respond to the summary judgment motion. Plaintiff seeks expedited consideration of this motion because his response to the Motion for Summary Judgment is due Friday, September 11, 2020.

## II.   Analysis

Under Federal Rule of Civil Procedure 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.[2]

Motions for additional discovery under Rule 56(d) "are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). Parties requesting Rule 56(d) relief, however, "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* Instead, they must "set forth a plausible basis for believing that specified facts, susceptible of

---

[1] The current Scheduling Order provides that the parties shall complete discovery by January 29, 2021, and that "[a]ll dispositive motions shall be filed on or before March 2, 2021." Dkt. 33 ¶¶ 7-8.

[2] Before 2010, this provision was under subdivision (f). *See* FED. R. CIV. P. 56(d) advisory committee's note to 2010 amendment.

2

collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*

Plaintiff argues that Defendant's summary judgment motion is premature because the parties have failed to complete discovery, emphasizing that no depositions have been taken. Plaintiff further contends that in order to respond to Defendant's argument that Plaintiff cannot show that Defendant's denial of his transfer requests were racially motivated, he will need additional time to seek discovery on:

(1) the qualifications sought by Defendant;

(2) the qualifications of the applicants selected over Plaintiff, including their experience, training, motivation, and any issues or complaints regarding their performance or behavior;

(3) details regarding the evaluation and selection processes by the decisionmakers, and the involvement of officers higher in the chain of command;

(4) the factors taken into account by the decisionmakers and how those factors were weighed when making their decisions;

(5) the importance of the stabilization period and obtaining waivers and Defendant's practices regarding those waivers;

(6) Defendant's pattern and practice of racial discrimination in making transfer decisions; and

(7) statistical information from Defendant regarding racial disparities in transfers and promotions.

Plaintiff alleges that he "can only obtain this information through depositions of said applicants and decisionmakers and production of additional documentation from Defendant." Dkt. 43 at 5.

The Court agrees with Plaintiff that Defendant's Motion for Summary Judgment is premature, given that the parties have not yet taken any depositions and the discovery deadline does not expire under January 29, 2021. *See Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary Judgment should not . . . ordinarily be granted until

discovery has been completed."). In addition, Plaintiff has set forth sufficient allegations to support his request for additional discovery under Rule 56(d) to respond to Defendant's Motion for Summary Judgment. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 355 (5th Cir. 1989) (finding that party seeking additional discovery met its burden under Rule 56(d) where it outlined the areas of discovery needed to respond to summary judgment motion).

Accordingly, Plaintiff's Opposed Emergency Motion for Leave to Extend Time to Respond to Defendant's Motion for Summary Judgment (Dkt. 43) is **GRANTED**, and Plaintiff's response is due by **January 29, 2021**.[3]

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on September 8, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court notes that the District Court may decide to deny Defendant's Motion for Summary Judgment without prejudice as premature under Rule 56(d), which would moot this Court's Order.